

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2002

# Gordon v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2948

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Gordon v. Philadelphia" (2002). *2002 Decisions.* Paper 459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:   01-2948

MARK GORDON,

Appellant

v.

CITY OF PHILADELPHIA;
PATRICIA MULLIGAN, IN
HER OFFICIAL CAPACITY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 01-1630)
District Judge: Hon. Harvey Bartle, III

Argued: July 16, 2002

Before: McKEE, WEIS and DUHE, Circuit Judges.
(Filed July 29, 2002)

GUY VILIM, ESQ.  (Argued)
Gold and Vilim
1608 Walnut Street
Suite 1600
Philadelphia, PA 19103
Attorneys for Appellant

NELSON A. DIAZ, ESQ.
City of Philadelphia, Law Department
City Solicitor
ELEANOR N. EWING, ESQ. (Argued)
MARCIA BERMAN, ESQ.
Divisional City Solicitor
Appeals Unit
One Parkway Building
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
Attorneys for Appellees

OPINION OF THE COURT

McKEE, Circuit Judge.

Mark Gordon appeals from the district court's dismissal of his complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  For the reasons that follow, we will affirm.

I.

Inasmuch as we write only for the parties, it is not necessary to recite in detail the factual and procedural history of this case.  Rather, it is sufficient to simply note that Gordon was accused of sexually abusing his stepdaughter following an investigation by a social worker employed by the City of Philadelphia.  Gordon filed an administrative appeal, and the sexual abuse accusation was formally expunged.  Thereafter, he filed a two-count complaint in the district court.  Count One was a  1983 malicious prosecution claim alleging that the City and the social worker violated Gordon's substantive due

process rights under the Fourteenth Amendment.  Count Two was a state law claim for malicious abuse of process.

The district court ruled that the applicable statute of limitations began to run when Gordon knew he had been falsely accused, not when he was exonerated, and his claim was therefore time-barred.  The court also concluded that Gordon failed to state a claim upon which relief can be granted because a  1983 malicious prosecution claim is not cognizable under the substantive due process component of the Fourteenth Amendment.  For reasons that are not readily apparent, Gordon only argues that the district court erred in holding that the statute of limitations began to run when he was first formally accused.  However, we need not address that because we agree that his claim for malicious prosecution is not cognizable under  1983.  Accordingly, we affirm.

At the outset, we note that Gordon clearly accuses the City and the social worker of maliciously prosecuting him.  His complaint reads, in relevant part: "In the course of fighting the battle to clear his name, Mr. Gordon has been investigated and falsely and maliciously prosecuted as a sexual abuser of children. . . ."  Compl.  125 (emphasis added).  Moreover, his  1983 malicious prosecution claim is grounded in the substantive due process component of the Fourteenth Amendment.  He alleges that the City's and the social worker's  actions "constitute intentional and reckless disregard of the plaintiff's substantive due process rights as guaranteed to them (sic) by the Fourteenth Amendment Due Process Clause of the United States Constitution." Compl.  133 (emphasis added).

However, after the Court's decision in Albright v. Oliver, 510 U.S. 266 (1994), it is beyond argument that a claim of malicious prosecution under  1983 cannot be based on substantive due process considerations.  Instead, it must be based on a provision of the Bill of Rights providing "an explicit textual source of constitutional protection."  510 U.S. at 272.  Moreover, we have recognized that after Albright a  1983 malicious prosecution claim cannot be grounded in substantive due process.  Torres v. McLaughlin, 163 F.3d 169 (3d Cir. 1998).  Nonetheless, acknowledging that Albright held open the possibility of bringing a  1983 malicious prosecution claim under the Fourth Amendment, we have held that a  1983 malicious prosecution claim can be based on the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution.  Id. at 173.  However, here, Gordon's complaint clearly establishes that his  1983 action is based only on substantive due process.  Therefore, he has failed to state a claim upon which relief could be granted, and the district court properly dismissed under Rule 12(b)(6).

II.

For the above reason, we will affirm the district court.

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Theodore A. McKee

Circuit Judge